**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff(s)**

        **v.**

EDUARDO CRUZ RIVERA,

    **Defendant(s)**

**CRIMINAL NO.** 06-027 (JAG)

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

    Pending before the Court is a Motion to Suppress filed by defendant Eduardo Cruz-Rivera ("defendant") claiming that all the evidence seized from his Mazda 6 vehicle on January 17, 2006 was the product of an illegal search and seizure without probable cause (Docket No. 23).  The Motion to Suppress was referred by the Court to Magistrate-Judge Camille Velez-Rive for hearing and report and recommendation. (Docket No. 25).

    Upon <u>de novo</u> review of the Magistrate-Judge's Report and Recommendation (Docket No. 47) and defendant's objections thereto (Docket No. 52), the Court finds no reason to depart from the Magistrate-Judge's recommendations and accordingly **DENIES** the Motion to Suppress.

Criminal No.  06-027 (JAG)                                          2

**DISCUSSION**

I. <u>Standard of Review</u>

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. <u>See</u> 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico.  Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order.  28 U.S.C. § 636(b)(1).  Since timely objections to the report and recommendation have been filed, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F. Supp.2d 152, 154 (D.P.R. 1998).


II. <u>Defendant's Objections to Report and Recommendation</u>

In his Objection to the Magistrate-Judge's Report and Recommendation, the defendant first argues that the Magistrate-Judge erred in dismissing the doctrine set forth in <u>US v. Audi</u>, 835 F2d 943 (1st Cir. 1987), because the investigation in this case was not a joint federal-state investigation, but rather a state investigation that after a finding of no probable cause at the Rule 6 hearing in state court, was handed over to federal authorities.

Criminal No.  06-027 (JAG)                                          3

Defendant's contention is therefore that the federal government is impeded from prosecuting this case because "the transfer to federal authorities was a subterfuge for subverting state law" and such "ruse" is what <u>Audi</u> tried to prevent.  The Court disagrees.

The Magistrate-Judge's determination that <u>Audi</u> does not apply in this case, and that therefore federal prosecution is not precluded, was based on a finding that the evidence the defendant wishes to suppress was obtained as a result of a joint federal-state investigation.  This is precisely what defendant challenges: the finding that there was a joint investigation.  He argues that "[n]ot a scintilla of evidence was presented during the suppression hearing on the cooperation between state and federal agencies." Nevertheless, defendant's challenge is without consequence because even if  the evidence he wishes to suppress was obtained as a result of a wholly state-conducted investigation, as the defendant contends, federal prosecution is not precluded.

Moreover, the Magistrate-Judge's Report and Recommendation states that "no evidence whatsoever was presented by the defense at the suppression hearing to support the assertion of alleged intentional unlawful conduct of the law enforcement officers and of alleged selective and vindictive prosecution." Further, even if the search conducted by the Puerto Rico Police Department ("PRPD") officers was found to be illegal by the state court, federal law governs the admissibility of evidence in federal prosecutions.

Criminal No.  06-027 (JAG)                                        4

<u>United States v. Wilson</u>, 36 F.3d 205, 208 (1st Cir. 1994).
Accordingly, this Court shall make an inquiry independent from that
of the state courts when determining the admissibility of evidence
seized by state officials: "In determining  whether there has been
an unreasonable search and seizure by state officers, a federal
court must make an independent inquiry, whether or not there has
been such an inquiry by a state court, and irrespective of how any
such inquiry may have turned out. The test is one of federal law,
neither enlarged by what one state court may have countenanced, nor
diminished by what another may have colorably suppressed." <u>Elkins
v. U.S.</u>, 364 US 206, 224 (1960).  Therefore, federal prosecution is
not barred when it is based on evidence obtained in the course of
state investigations.  Defendant's allegation in this respect lacks
merit.

Defendant's other objections all draw upon his argument that
the Magistrate-Judge incurred in clear error when she awarded
credibility to the testimonies of the government agents that seized
the evidence he wishes to suppress.  Defendant points to
contradictory statements in their testimonies and claims that said
contradictions are of such importance that a rational fact finder
would conclude that the PRPD officers were not telling the truth and
that therefore, the traffic stop and the subsequent inventory search
were illegal.  The Court disagrees.

Criminal No.  06-027 (JAG)                                        5

    After hearing the testimonies of the defendant and the PRPD officers, the Magistrate-Judge determined that the most complete and trustworthy version of the facts was the one she provided in her Report and Recommendation.  Although she noted discrepancies in the PRPD officers' versions of the facts, she found said discrepancies to be irrelevant to the main controversy.  Consequently, the Court will not tamper with the credibility determinations made by the Magistrate-Judge. See United States v. Raddatz, 447 U.S. 667, 681 n. 7 (noting that when the issue involves credibility, it is unlikely that a district judge would reject the magistrate's views and substitute his own appraisal); United States v. Hernandez-Rodriguez, 443 F.3d 138, 148 (1st Cir. 2006)(holding that a district court may not reject a magistrate-judge's findings as to the credibility of a witness without hearing the witness testify first hand); National Railroad Passenger Corp. v. Koch Industries Inc., 701 F.2d 108, 111 (10th Cir. 1983)(holding that "only in a rare case should a district judge resolve credibility choices in a manner contrary to recommendations of magistrate who heard witnesses' testimony").

    For the reasons set forth in the Report and Recommendation, the Court finds that the traffic stop and the subsequent inventory search were legal.  The evidence seized as a result of said actions is admissible under the findings of the Report and Recommendation and applicable law.

Criminal No.  06-027 (JAG)                                      6

     Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety and **DENIES** defendant's motion to suppress (Docket No. 23).

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 30th day of October, 2006.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge